# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

WILLIAM E. BLAKEMAN, III,

    Plaintiff,

vs.

ANNE POLLOCK,

    Defendant.

No. 19-CV-36 CJW-MAR

**MEMORANDUM OPINION AND ORDER**

_____

This matter is before the Court pursuant to plaintiff William Blakeman's pro se 42 U.S.C. § 1983 complaint (Doc. 1-1) and amended motion to proceed in forma pauperis (Doc. 3).

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff's amended motion to proceed in forma pauperis (Doc. 3) complies with those requirements. However, plaintiff, who is incarcerated at the Anamosa State Penitentiary in Anamosa, Iowa, is prohibited from applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) because he has filed at least three prior meritless cases

before the federal courts.[1] *See Blakeman v. Kennedy*, 04-CV-1008 EJM, Doc. 17 (2004) (a § 1983 case where the Court granted summary judgment in favor of defendants); *Blakeman v. Iowa Board of Parole*, 01-CV-1040 MJM, Doc. 6 (2001) (a § 2254 case denied by the Court as meritless during initial review); *Blakeman v. Hedgepeth et al.*, 93-CV-0383 CRW, Doc. 1 (S.D. Iowa 1993) (a § 1983 case denied by the Court as frivolous during initial review); *Blakeman v. Boal et al.*, 01-CV-90563 RP, Doc. 12 (S.D. Iowa 2002) (a § 1983 case where the Court granted summary judgment in favor of the defendants); and *Blakeman v. Hundley et al.*, 93-CV-70588 HDV, Doc. 1 (S.D. Iowa 1993) (a § 1983 case denied by the Court as frivolous during initial review).

The Court recognizes that some of the dismissals occurred prior to the enactment of 28 U.S.C. § 1915(g) in 1996. Nevertheless, the Eighth Circuit Court of Appeals has counted earlier dismissals as strikes for purposes of 28 U.S.C. § 1915(g). *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (determining number of strikes and implicitly recognizing as strikes dismissals of civil actions or appeals from before § 1915(g)). Accordingly, plaintiff's amended motion to proceed in forma pauperis (Doc. 3) is **denied**.

Plaintiff will be given thirty days from the date of this order to pay the full $400 filing fee.[2] If plaintiff does not pay the filing fee, this case will be dismissed with no further order of the Court.

---

[1] That section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. . .")

**IT IS SO ORDERED** this 28th day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa